IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHARP CORPORATION,

    Plaintiff,

v.

AU OPTRONICS CORPORATION, et al.,

    Defendants
                                 /

No. C 03-4244 MMC JCS

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT; VACATING HEARING**

       Before the Court is defendants'[1] motion for partial summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff Sharp Corporation has filed opposition, to which defendants have replied. Having reviewed the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the papers, VACATES the hearing scheduled for May 13, 2005, and rules as follows.

       Defendants argue they are entitled to summary judgment as to certain of plaintiff's claims of infringement, specifically, plaintiff's claims that the 25 accused products addressed in paragraphs 56 through 79 of the Initial Expert Report of Aris K. Silzars, Ph.D. ("Expert Report") infringe on claims in plaintiff's patents. Defendants argue that the

---

[1] Defendants are AU Optronics Corporation, AU Optronics Corporation America, ViewSonic Corporation, BenQ Corporation, BenQ America, Envision Peripherals, Inc., Proview Technology, Inc., Spectre Technologies, Inc., Acer, Inc., and Acer America Corporation.

opinions set forth in the above-referenced portion of the Expert Report are inadmissible on the ground said opinions are conclusory.

In support of their argument, defendants rely on Matrix Motor Co. v. Toyota Jidosha Kabushiki Kaishi, 290 F. Supp. 2d 1083 (C.D. Cal. 2003) for the general proposition that an expert opinion that "lacks any type of factual basis" is insufficient to raise a triable issue of fact. See id. at 1097. Defendants also rely on Biotec Biologische Naturverpackungen v. Biocorp, Inc., 249 F. 3d 1341 (Fed. Cir. 2001), in which the Federal Circuit held an expert opinion that a patent was invalid in light of prior art was insufficient to create a triable issue of fact as to invalidity, because the expert did not set forth any basis for the stated opinion. See id. at 1354 (observing expert, other than "mention[ing]" prior art reference, failed to include "explanation" for conclusion prior art was invalidating).

As plaintiff points out, however, the challenged opinions of the Expert Report at issue herein cannot be equated with the deficient expert opinions addressed in the cases cited by defendants. In the Expert Report, Dr. Silzars sets forth, with respect to each of the 25 accused products that are the subject of the instant motion, why he believes each such product infringes a particular patent, in particular, by setting forth the specific claim elements found in each assertedly infringing product and by providing, inter alia, photographs of those portions of each such product wherein those elements can be observed.

Defendants, nevertheless, argue that the challenged portions of the Expert Report are insufficient to create a triable issue of fact because Dr. Silzars did not provide arrows or lead lines that specifically point to the area of the photograph in which the element is depicted.[2] Although such visual aids add further support to Dr. Silzars' opinions and are helpful in following his reasoning, defendants cite no authority, and the Court has located none, suggesting such degree of detail is essential.

---

[2]As to each accused product addressed in the portions of the Expert Report that defendants have not challenged, Dr. Silzars included arrows or lead lines in the photographs of those products.

2

1 | Moreover, as Dr. Silzars explains in his declaration offered in opposition to the
2 | instant motion, the features of the 25 accused products are sufficiently similar to the
3 | features of the other accused products for which Dr. Silzars provided arrows or lead lines,
4 | such that the locations of the claim elements found in the 25 accused products are readily
5 | identifiable.  (<u>See</u> Silzars Decl., filed April 22, 2005, ¶¶ 34-58.)
6 | Accordingly, defendants have failed to show that the challenged portions of the
7 | Expert Report are inadmissible on the ground the opinions set forth therein are conclusory.

## CONCLUSION

For the reasons stated above, defendants' motion for partial summary judgment is hereby DENIED.

**IT IS SO ORDERED**.

Dated:  May 10, 2005

    /s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge