IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARP CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>AU OPTRONICS CORPORATION, et al.,<br><br>    Defendants<br>_____/ | No. C-03-4244 MMC<br><br>**ORDER GRANTING IN PART, DENYING IN PART AND CONTINUING IN PART PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court are four motions for partial summary judgment filed by plaintiff. Defendants have filed opposition to each motion, to which plaintiff has replied. The matters came on regularly for hearing June 10, 2005. Having considered the papers filed in support of and in opposition to the motions, and the arguments of counsel, the Court rules as follows.

**I. Plaintiff's Motion Re: Defense of Inequitable Conduct**

Plaintiff is not entitled to summary judgment on defendants' affirmative defenses and counterclaims alleging that United States Patent 5,028,122 ("the '122 Patent") and United States Patent 5,335,102 ("the '102 Patent") are unenforceable as a result of inequitable conduct.

As plaintiff acknowledges, the defense of inequitable conduct requires proof of "(1) prior art or information that is material; (2) knowledge chargeable to applicant of that

prior art or information and of its materiality; and (3) failure of the applicant to disclose that prior art or information resulting from an intent to deceive the PTO." See FMC Corp. v. Manitowoc Co., 835 F. 2d 1411, 1415 (Fed. Cir. 1987) (footnote omitted).  In its moving papers, the sole issue plaintiff raises is that defendants lack evidence of an intent to deceive.  (See Pl.'s Mot., filed May 6, 2005, at 7:6-17.)  Although defendants offer no direct evidence as to plaintiff's intent, plaintiff has not challenged, for purposes of the instant motion, defendants' evidence that plaintiff withheld prior art plaintiff knew was material,[1] nor has plaintiff proffered any explanation for such nondisclosure.  Consequently, the Court cannot conclude, as a matter of law, that no reasonable trier of fact could find an intent to deceive.  See Bruno Independent Living Aids, Inc. v. Acorn Mobility Services, Ltd., 394 F. 3d 1348, 1354 (Fed. Cir. 2005) (holding "in absence of a credible explanation, intent to deceive is generally inferred from the facts and circumstances surrounding a knowing failure to disclose material information"); Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., 326 F. 3d 1226, 1239 (Fed. Cir. 2003) (holding "where withheld material is material and the patentee knew or should have known of that materiality, he or she can expect to have great difficulty in establishing subjective good faith sufficient to overcome an inference of intent to mislead").

**II.  Plaintiff's Motion Re: 35 U.S.C. § 102(e)**

Plaintiff is not entitled to summary judgment on defendants' affirmative defenses and counterclaims alleging claim 1 of the '102 Patent is invalid pursuant to 35 U.S.C. § 102(e).

Plaintiff has offered a declaration from two individuals, each of whom testifies that he and two other individuals conceived the invention recited in claim 1 of the '102 patent and conceived the invention disclosed in the prior art on which defendants' § 102(e) defense is

---

[1] In its reply, plaintiff argues that defendants' showing as to materiality is "suspect," (see Pl.'s Reply, filed May 27, 2005, at 4:9-10), and that defendants lack evidence to support a finding plaintiff knew of the content or the materiality of the prior art, (see id. at 7:19-20).  Because plaintiff, in its moving papers, failed to challenge defendants' ability to establish that plaintiff withheld prior art it knew to be material, the Court declines to consider these untimely arguments.

2

1  based.  (See Katoh Decl., filed May 5, 2005, ¶¶ 5-7; Katayama Decl., filed May 5, 2005, ¶¶
2  4-6.)  Such declarations, however, do not constitute "independent evidence" for purposes of
3  the requisite corroboration.  See Cooper v Goldfarb, 154 F. 3d 1321, 1330 (Fed. Cir. 1998)
4  (holding "inventor's testimony must be corroborated by independent evidence"); see also
5  Manny v. Garlick, 135 F. 2d 757, 768 (C.C.P.A. 1943) (holding, on issue of priority raised
6  by interference proceeding, statement by joint applicants "must be corroborated by
7  evidence other than that given by the joint applicants").

**III.  Plaintiff's Motion Re: Invalidity, Laches, and Equitable Estoppel Defenses**

9  Defendants do not oppose entry of summary judgment on the following affirmative
10  defenses and counterclaims:  (1) the defense of laches as to each patent at issue herein;
11  (2) the defense of equitable estoppel as to each patent at issue herein; (3) the defense of
12  invalidity, and AU Optronics Corporation's ("AU") counterclaim seeking a declaration of
13  invalidity, as to United States Patent 4,649,383 ("the '383 Patent"); (4) the defense of
14  invalidity under 35 U.S.C. § 112, and AU's counterclaim seeking a declaration of invalidity
15  under 35 U.S.C. § 112, as to United States Patent 5,280,372 ("the '372 Patent") and United
16  States Patent 5,729,310 ("the '310 Patent").  (See Defs.' Statement of Partial Non-Opp.,
17  filed May 20, 2005, at 1:2:14.)  Accordingly, the Court will grant plaintiff's motion, to the
18  extent it is based on such defenses and counterclaims.

19  Additionally, plaintiff is entitled to summary judgment on the defense of invalidity
20  under 35 U.S.C. § 112, and AU's counterclaim seeking a declaration of invalidity under
21  § 112, as to the 102 Patent.  Defendants' evidence that its expert was "a little confused" by
22  the meaning of claim 1, (see Fox Decl., filed May 20, 2005, Ex. F), is insufficient to
23  establish, as a matter of law, that such claim is indefinite.  See Exxon Research and
24  Engineering Co. v. United States, 265 F. 3d 1371, 1375 (Fed. Cir. 2001) (holding claim
25  indefinite under § 112 when "reasonable efforts at claim construction prove futile").
26  Defendants have failed to show that construction of any term in claim 1 would prove futile,
27  and, indeed, defendants' expert was able to derive a meaning for each limitation in claim 1,
28  as evidenced by his opinion that the accused devices do not have each of the limitations

set forth in claim 1.  (See Fox Decl. Ex. B at 14.)  In short, defendants have failed to show that any of the terms in the '102 Patent is "insolubly ambiguous."  See Exxon Research, 265 F. 3d at 1375 (holding claim not indefinite "merely because it poses a difficult issue of claim construction," but, rather, only if "claim is insolubly ambiguous").

**IV. Plaintiff's Motion Re: Infringement of the '310 Patent**

Plaintiff's motion for partial summary judgment as to the issue of whether four of defendants' products literally infringe claim 1 of the '310 Patent is continued to July 1, 2005, to allow the parties to file memoranda as to the construction of the terms "holding," "protrusions produced on one of said upper and lower frames," and "recession formed on the other frame."

**CONCLUSION**

For the reasons stated above, plaintiff's motions for partial summary judgment are GRANTED in part, DENIED in part, and CONTINUED in part, as follows:

1. Plaintiff is entitled to summary judgment on the following affirmative defenses and counterclaims:  (a) the defense of laches as to each patent at issue herein; (b) the defense of equitable estoppel as to each patent at issue herein; (c) the defense of invalidity, and AU's counterclaim seeking a declaration of invalidity, as to the '383 Patent; and (d) the defense of invalidity under 35 U.S.C. § 112, and AU's counterclaim seeking a declaration of invalidity under 35 U.S.C. § 112, as to the '372, '310, and the '102 Patents.

2. Plaintiff is not entitled to summary judgment on the following affirmative defenses and counterclaims:  (a) the defense of inequitable conduct, and counterclaims based on inequitable conduct, as to the '122 and '102 Patents; and (b) the defense of invalidity under 35 U.S.C. § 102(e), and counterclaims based on § 102(e), as to the '102 Patent.

3. The hearing on plaintiff's motion for summary judgment on the issue of infringement of the '310 Patent is continued to July 1, 2005, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated:  June 17, 2005            /s/ Maxine M. Chesney
                                 MAXINE M. CHESNEY
                                 United States District Judge